IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| TMJ IMPLANTS, INC., d/b/a ) | Case No. 10-24080-EEB |
| TMJ IMPLANTS INTERNATIONAL, ) | Chapter 7 |
| INC., d/b/a TMJ IMPLANTS ) | |
| WORLDWIDE, ) | |
|    *Debtor.* ) | |

**TRUSTEE'S AMENDED MOTION FOR ORDER AUTHORIZING PRIVATE SALE OF PERSONAL PROPERTY, INCLUDING ACCOUNTS RECEIVABLE, FREE AND CLEAR OF ALL LIENS AND INTERESTS AND SUSPEND 14 DAY STAY UNDER FED.R.BANKR.P. 6004(h)**

Joseph G. Rosania, the Chapter 7 trustee ("*Trustee*") of the bankruptcy estate of TMJ Implants, Inc. ("*Debtor*"), by his counsel, Connolly, Rosania & Lofstedt, P.C., hereby files this Amended Motion for Order Authorizing Private Sale of Personal Property, including Accounts Receivable, Free and Clear of All Liens and Interest and Suspend 14 Day Stay under Fed.R.Bankr.P. 6004(h) (the "Amended Sale Motion"). In support hereof, Trustee states as follows:

### I. INTRODUCTION

1. On June 6, 2010, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "*Petition Date*"). Trustee is the duly appointed and acting trustee of the Chapter 7 bankruptcy case.

2. Prior to the Petition Date, Debtor manufactured and sold implants for surgical repair of the temporomandibular joint ("*TMJ*").

3. Debtor listed certain personal property on Schedule B of its bankruptcy schedules. Pursuant to 11 U.S.C. § 541(a), Debtor's interest in all of its personal property became property of the bankruptcy estate on the Petition Date.

4. After ongoing discussions, Trustee entered into a Purchase and Sale Agreement ("*PSA*") with CV Intermountain Holdings, LLC ("*CVI*") pursuant to which Trustee agreed to sell the estate's right, title and interest in certain assets, including accounts receivable (collectively the "*Property*") to CVI by private sale. On June 24, 2010, Trustee filed a motion to approve the Purchase and Sale Agreement (the "*Sale Motion*").

5. The following objections were filed to the Sale Motion:

    a. Colorado Capital Bank (Docket No. 34)
    b. Jefferson County Treasurer (Docket No. 38)
    c. TMJ Specialties (Docket No. 39)

     d. Valley Bank and Trust (Docket No. 40)

  6. <u>Colorado Capital Bank Objection</u>:  Colorado Capital Bank objected on the grounds that its secured claim should be paid in full at the closing.  Trustee will amend the proposed order approving the sale to provide that the allowed secured claim of Colorado Capital Bank, shall be paid in full within 7 days of closing, except for Colorado Capital Bank's claim for attorneys fees which shall be subject to further court approval.  Colorado Capital Bank's lien shall attach to the proceeds to secure payment of any allowed attorneys' fees.

  7. <u>Jefferson County Treasurer Objection</u>:  Jefferson County Treasurer is asserting a lien for personal property taxes for 2008-2010 in the aggregate amount of $58,291.85.  The 2010 personal property taxes is an estimated amount.  Trustee will amend the proposed order approving the sale to provide that within 7 days of closing, Trustee shall pay the 2008 and 2009 tax liens.  Jefferson County's lien shall attach to the proceeds to secure payment of the allowed personal property taxes for 2010 to secure the estate's share of such taxes.  Trustee is informed and believes that the 2010 personal property taxes are not payable until 2011.

  8. <u>Valley Bank & Trust Objection</u>.  Trustee will amend the proposed order approving the sale to provide that the Property to be sold shall not include any leased equipment subject to Lease Number V-296-9 originally entered into between Preferred Leasing LLC and the Debtor.

  9. <u>TMJ Specialties, LLC Objection</u>.  After ongoing negotiations, Trustee, CVI and Specialties entered into a Sales Procedures Agreement that resolved Specialties' Objection to the PSA and the Sale Motion.  Pursuant to the Sales Procedures Agreement, the parties agreed that the PSA would be amended as follows and that the Property would be sold by public auction subject to the following terms, conditions and procedures:

    a. **Sale Date**.  Trustee shall schedule an auction for the Property (as defined in the PSA) to occur no later than August 30, 2010, and at the earliest date before then if possible.  (Pursuant to the Sales Procedures Order, the parties agreed that the auction would occur by the 27th.  The parties have agreed to move this date to the 30th of August).

    b. **Amendments to the PSA.**

     (1) The Purchase Price in the PSA between Trustee and CVI shall be amended to be $325,000, with $198,000 of the Purchase Price allocated to the "Assets" and $127,000 allocated to the "Receivables" as each of those terms are defined in the PSA.

     (2) Paragraph 6 of the PSA shall be deleted.  The estate shall be responsible for any moving costs.

     (3) Paragraph 9 of the PSA is amended to provide for a closing that is the later of one business day after the Trustee determines the identity of the winning bidder at the auction or one business day after the Court enters an Order approving this Amended Sale Motion.

      (4)      No further competing bids shall be submitted or accepted until the date of the Auction.

      (5)      All bidders will need to provide proof of financial ability to close. Such information shall be kept confidential and the financial information shall be provided to the Trustee no later than ***August 26, 2010***. Subject to providing proof of financial ability to close, both CVI and Specialties are deemed to be qualified bidders.

      (6)      All other terms of the PSA shall remain the same, except that the sale contemplated by the PSA shall be subject to better and higher offers as provided herein.

      (7)      Notice of the amendments to the PSA and the bid procedures shall be provided to creditors and other parties in interest in this case.

c.    **Withdrawal of Objection.**  Specialties agreed to withdraw its Objection to the PSA, which it did on August 3, 2010.

d.    **Bid Procedures**.

      (1)      Other than the amount of the Purchase Price, competing bids must strictly comply with the terms of the PSA and amendments contained herein.

      (2)      Competing bids must include a cash bid that is at least $10,000 higher than the Purchase Price as indicated herein. Any increase in the purchase price shall be allocated solely to the Assets and not the Receivables.

      (3)      Each subsequent bid must be in an increment of no less than $10,000 cash more than the previously accepted bid.

      (4)      Each competing bidder must enter into a confidentiality agreement.

10.    Trustee requests that the Court approve this Amended Sale Motion approving the PSA as amended and authorizing Trustee to sell the Property, subject to higher and better offers, as provided in the amended PSA. Trustee has filed separately, a motion to approve the bid procedures for the public auction.

**WHEREFORE**, Trustee requests that this Court enter an Order:

    A.    Approving this Amended Sale Motion and the PSA as amended; and

    B.    Providing such other and further relief as the Court deems appropriate.

Dated: August 11, 2010.

                              CONNOLLY, ROSANIA & LOFSTEDT, P.C.

                              By: */s/ Joli A. Lofstedt*
                                      Joli A. Lofstedt, Esq. (#21946)
                                      950 Spruce Street, Suite 1C
                                      Louisville, CO  80027
                                      Phone: (303) 661-9292
                                      Fax:  (303) 661-9555
                                      joli@crlpc.com

*Counsel to Joseph G. Rosania, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

 The undersigned certifies that on August 11, 2010, I served by prepaid first class mail a copy of the documents entitled **TRUSTEE'S AMENDED MOTION FOR ORDER AUTHORIZING PRIVATE SALE OF PERSONAL PROPERTY, INCLUDING ACCOUNTS RECEIVABLE, FREE AND CLEAR OF ALL LIENS AND INTERESTS AND SUSPEND 14 DAY STAY UNDER FED.R.BANKR.P. 6004(h)**, **notice and proposed order** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Fed.R.Bankr.P. and these L.B.R. at the following addresses:

US Trustee
Attn: Alison Goldenberg, Esq.
999 18th St., Ste. 1551
Denver, CO 80202

Andrew Snyder
8400 E. Prentice Ave.
Ste. PH1500
Greenwood Village, CO 80111

Harry L. Simon
Harry L. Simon, PC
Attorneys for PNC Equipment Finance, LLC
7100 E. Hampden Ave.
Denver, CO 80224

Preferred Leasing, LLC
Attn: Tom Palmer, Reg. Agent
34 Wright Ct.
Lakewood, CO 80228

Preferred Leasing, LLC
7717 West 6th Ave.
Lakewood, CO 80214

Frederick L. Ginsberg
Attorney for Colorado Capital Bank
PO Box 697
Parker, CO 80134

Michael Van Norstrand
Attorney for Valley Bank and Trust
4900 E. Bromley Lane
Brighton, CO 80601

Joseph G. Rosania, Trustee
950 Spruce St., Ste. 1 C
Louisville, CO 80027
(hand delivered)

TMJ Implants, Inc.
17301 West Colfax Ave., Ste. 135
Golden, CO 80401

Chad S. Caby
Rothgerber, Johnson & Lyons, LLC
Attorneys for FirstBank of Arvada
One Tabor Center, Ste. 3000
Denver, CO 80202-5855

DMG Chicago Inc.
Corporation Service Company, Reg. Agent
2711 Wilmington, DE 19808

DMG Chicago Inc.
Attn/ Thomas Bone
265 Spring Lake Dr.
UAS-Itasca, IL 60143

Douglas D. Koktavy
DOUGLAS D. KOKTAVY, P.C.
Attorneys for TCF Equipment Finance, Inc.
3515 S. Tamarac Dr., Suite 200
Denver, CO 80237

Eric Butler
Assistant County Attorney
100 Jefferson County Pkwy
Golden, CO 80419-5500

5

| | |
|---|---|
| Donald D. Allen<br>Markus Williams Young & Zimmerman LLC<br>Attorneys for CV Intermountain Holdings LLC<br>1700 Lincoln St., Ste. 4000<br>Denver, CO 80203 | Jennifer N Lippman<br>370 17th Street, Ste. 4700<br>Denver, CO 80202-5647 |

                                                */s/ Tami Childers*
                                                Tami Childers, Legal Assistant